UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUMELLE DONATIEN
and RUBEN ANDRESIL,

    Plaintiffs,

v.                              Case No.:

AVIA PREMIER CARE, LLC and
AUDREY WATSON, an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JUMELLE DONATIEN and RUBEN ANDRESIL ("Plaintiffs"), by and through undersigned counsel, brings this action against Defendants, AVIA PREMIER CARE, LLC and AUDREY WATSON in her individual capacity ("Defendants"), and in support of their claims state as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. for failure to pay a minimum wage and overtime wages.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff JUMELLE DONATIEN is a resident of Hillsborough County, Florida.

5. Plaintiff RUBEN ANDRESIL is a resident of Hillsborough County, Florida.

6. Defendant AVIA PREMIER CARE, LLC is a home healthcare company in Valrico.

7. Defendants operate a home healthcare business in Valrico, in Hillsborough County.

## GENERAL ALLEGATIONS

8. Plaintiffs have satisfied all conditions precedent, or they have been waived.

9. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiffs request a jury trial for all issues so triable.

11. At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiffs were "employee[s]" of Defendant AVIA PREMIER CARE, LLC within the meaning of the FLSA.

13. At all times material hereto, Defendant AVIA PREMIER CARE, LLC was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendant AVIA PREMIER CARE, LLC continues to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant AVIA PREMIER CARE, LLC was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, the annual gross sales volume of Defendant AVIA PREMIER CARE, LLC exceeded $500,000 per year.

17. Defendant AUDREY WATSON is the President and owner of AVIA PREMIER CARE, LLC.

18. As part of her duties, Defendant AUDREY WATSON supervised Plaintiffs, and exercised control over the wages, hours, and working conditions of Plaintiffs. Defendant AUDREY WATSON also controlled the payroll practices of AVIA PREMIER CARE, LLC.

19. Through the exercise of dominion and control over all employee-related matters at AVIA PREMIER CARE, LLC, in her individual capacity AUDREY WATSON is also an "employer" within the meaning of the FLSA.

20. Specifically, Plaintiffs were not employed by Defendants in a bona fide administrative, executive, or professional capacity. In particular, Plaintiffs had no authority to hire or terminate any other employee of Defendants; they had no special or professional qualifications and skills for the explicit use of which they was employed by Defendants; and they had no control whatsoever over Defendants' business operations, even from an administrative standpoint.

21. Thus, Plaintiffs are "non-exempt employee[s]" who are covered by the FLSA.

22. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

## FACTS

23. Plaintiff JUMELLE DONATIEN began working for Defendants as a Home Health Aid in June 2016, and she worked in this capacity until February 2018.

24. Plaintiff RUBEN ANDRESIL began working for Defendants in June 2016, and continued in his role until September 2018.

25. At all times material hereto, Plaintiffs worked hours at the direction of AVIA PREMIER CARE, LLC and AUDREY WATSON, and Plaintiffs were not paid at least the applicable minimum wage for all of the hours that they worked.

26. At various times material hereto, Plaintiffs worked hours in excess of forty (40) hours within a work week for Defendants, and they was entitled to be compensated for all of their overtime hours at a rate equal to one and one-half times their regular hourly rate.

27. Defendants failed to pay Plaintiffs an overtime premium for all of their overtime hours, in violation of the FLSA.

28. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

29. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

30. During the statutory period, Plaintiffs worked for Defendants, and they were not paid at least the minimum wage by Defendants for the hours that they worked, as mandated by the FLSA.

31. Defendants' conduct, as alleged above, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

32. As a result of the foregoing, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs demands:

a) Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable statutory minimum wage;

b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

c) An amount equal to Plaintiffs' minimum wage damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendants' practices as to Plaintiffs were unlawful, and a grant of equitable relief to Plaintiffs;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT II – FLSA OVERTIME VIOLATION

33. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

34. During the statutory period, Plaintiffs worked overtime hours while employed by Defendants, and they were not compensated by Defendants for all of these hours in accordance with the FLSA.

35. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

36. As a result of the foregoing, Plaintiffs have suffered damages.

***WHEREFORE***, Plaintiffs demands:

    a) Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

    c) An amount equal to Plaintiffs' overtime damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e) A declaration that Defendants' practices as to Plaintiffs were unlawful, and a grant of equitable relief to Plaintiffs;

    f) All costs and attorney's fees incurred in prosecuting these claims; and

    g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs demands trial by jury as to all issues so triable.

Dated this \_\_\_ day of January, 2019.

Respectfully submitted,

_/s/ Christopher J. Saba_
**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-321-4086
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiffs**
